**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION** | **Master File No.: 13-MD-2420 YGR** |
| | **Case No.: 15-CV-02987** |
| **This Order Relates to:** | **ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO SEAL** |
| **DELL INC.,** *et al.*, | |
| Plaintiffs, | |
| **LG CHEM, LTD,** *et al.*, | |
| Defendants. | |

Plaintiff has moved the Court for an Order sealing various portions of its Complaint. (Dkt. No. 3.) While the Ninth Circuit has not squarely addressed the appropriate standard to apply in considering a request to seal portions of a complaint, the Court agrees with others in this District that have applied the "compelling reasons" standard. *See Delfino Green & Green v. Workers Compansation Solutions, LLC*, No. 15-CV-02302-HSG, 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015); *In re NVIDIA Corp. Derivative Litig.*, No. 06-CV-06110-SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit."). Under that standard, a "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006)). The trial court must weigh relevant

factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n.6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)).  While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Id.* at 679.  Given the importance of the competing interests at stake, any sealing order must be narrowly tailored.  Civ. L.R. 79-5 (a).

Plaintiffs seek to seal four of their six causes of action—namely those asserting breach of contract—including the identities of the defendant(s) against whom those claims are asserted.  The logical effect of plaintiffs' request would be to seal almost the entirety of their case, including all proceedings related thereto.  Plaintiffs have provided insufficient justification for sealing the identities of the defendant(s) or the entirety of the purported "highly confidential" contract terms at issue, particularly where doing so would necessarily result in almost this entire case being tried outside of the public's view.  The motion is therefore **DENIED WITHOUT PREJUDICE** to plaintiffs filing of a renewed request within **seven (7) days** of the date of this Order.  If plaintiffs do not file a renewed request, they shall file an un-redacted version of the Complaint on the public docket by that same deadline.

This Order terminates Docket Number 3.

**IT IS SO ORDERED**.

Dated: August 27, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**